# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| SAMUEL HOFFMEYER,<br>　　　Plaintiff, | Case No. 1:20-cv-637 |
| vs | Dlott, J.<br>Bowman, M.J. |
| DIRECTOR ANNETTE<br>CHAMBERS-SMITH, et al.,<br>Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, a prisoner at the Lebanon Correctional Institution (LeCI) in Lebanon, Ohio, has filed a *pro se* complaint (Doc. 1) and an addendum to the complaint (Doc. 7), alleging that Ohio Department of Rehabilitation and Correction (ODRC) and LeCI officials violated his rights under the Prison Rape Elimination Act (PREA) and 42 U.S.C. § 1983. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S .C. § 1915A(b).

Also before the Court are plaintiff's motions to submit exhibits in support of the complaint. (Docs. 5, 6, 8, 9). The motions to add exhibits (Docs. 5, 6, 8, 9) are **GRANTED** to the extent that the exhibits plaintiff has included with those motions shall be considered as exhibits attached to the complaint. For purposes of clarity, the Court notes that the operative complaint in this case consists of the original complaint (Doc. 1), the addendum to the complaint (Doc. 7), and the separately filed exhibits (Docs. 5, 6, 8, 9).[1] Plaintiff is **ADVISED** that no

---

[1]Although the Court has considered plaintiff's separately filed exhibits in screening the complaint, the Court

further addenda to his complaint will be entertained until the District Court has had an opportunity to rule on this Report and Recommendation.

Liberally construing plaintiff's complaint, and in an abundance of caution given his assertions that the alleged incidents giving rise to the complaint are ongoing (*see, e.g.,* Doc. 9), the Court will allow plaintiff to proceed at this juncture with his Eighth Amendment deliberate-indifference/failure-to-protect claims against defendants.  However, plaintiff's remaining allegations fail to state a claim upon which relief may be granted and should be dismissed.

**A.**     **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at

---

declines to comb through these documents to raise new claims or make any legal arguments for the plaintiff.

32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at

3

555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.     Plaintiff's Complaint**

Plaintiff sues the following defendants: ODRC Director Annette Chambers-Smith, LeCI Warden Harris, LeCI PREA Coordinator Mr. Hudson, LeCI Institutional Inspector Devin Hoover, and ODRC Chief Inspector Chris Lambert.

Plaintiff alleges that he was transferred to LeCI on March 17, 2020, after being sexually assaulted at Mansfield Correctional Institution. (Doc. 1 at PageID 3). According to plaintiff, LeCI receiving staff failed to properly classify him as a "potential at-risk inmate" and he was sexually assaulted by an LeCI inmate on the same date that he arrived there. (Doc. 1 at PageID 3; Doc. 7 at PageID 65). Plaintiff alleges that over the course of the next three months he was sexually assaulted by LeCI inmates on four more occasions. (*See* Doc. 1 at PageID 4-5; Doc. 7 at PageID 64-69). Further, plaintiff alleges that he was sexually harassed in August 2020 (*see* Doc. 7 at PageID 66) and that the assaults and harassment have continued since the filing of his complaint (*see* Doc. 9).

Plaintiff alleges that he filed PREA complaints and confronted staff after the first two sexual assaults at LeCI, but defendants Hoover and Lambert placed him on grievance restriction to prevent him from asserting his rights. (Doc. 1 at PageID 4). Plaintiff also asserts that the PREA Coordinator, investigators, and inspectors violated PREA, including by denying him PREA forms following a May 28, 2020 sexual assault. (Doc. 1 at PageID 4). Plaintiff alleges that he requested protective custody but was placed in isolation. (Doc. 1 at PageID 4). Plaintiff

4

alleges that he is being denied all institutional correspondence, including PREA forms, complaint statements, and medical forms, as well as "abuse counseling, accommodation, monitoring" while in isolation. (Doc. 1 PageID 4-5; Doc. 7 at PageID 60). Further, plaintiff asserts that his request for a PREA transfer was denied. (Doc. 1 at PageID 4). Moreover, plaintiff asserts that the Ohio State Highway Patrol refused to prosecute his abusers, and that LeCI investigators influenced that decision. (Doc. 1 at PageID 5).

For relief, plaintiff seeks injunctive relief and payment of court costs. (Doc. 1 at PageID 6; Doc. 7 at PageID 59).

**C.     Analysis**

As noted above, the Court will permit plaintiff to proceed at this juncture with his Eighth Amendment deliberate-indifference/failure-to-protect claims against defendants. As such, those claims are not discussed herein. However, for the reasons below, plaintiff's remaining allegations fail to state a claim upon which relief may be granted and should be dismissed.

As an initial matter, plaintiff's claims against any individual defendant in an official capacity must be dismissed to the extent that plaintiff seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state.

5

*Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dep't. of Treasury*, 323 U.S. 459, 464 (1945). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, the individual defendants are immune from suit in their official capacities to the extent that plaintiff seeks monetary damages.

Next, plaintiff's claims must be dismissed to the extent he seeks to hold any defendant liable based on their supervisory positions because *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal,* 556 U.S. at 676; *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984). Section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber,* 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999). The mere fact that a defendant was a supervising officer is not enough to impose liability on them under § 1983.

Further, PREA does not create a private right of action. *See, e.g.*, *Montgomery v. Harper*, No. 5:14-CV-P38-R, 2014 WL 4104163, at *3 (W.D. Ky. Aug. 19, 2014) ("[T]his Court

6

concludes that the PREA creates no private right of action."). *See also McCall v. Stegemoller*, No. 2:18-CV-228, 2018 WL 2725433, at *2 (S.D. Ohio June 6, 2018) ("PREA does not grant inmates substantive rights and nothing in PREA indicates that it created a private right of action."), *report and recommendation adopted*, No. 2:18-CV-228, 2018 WL 3213284 (S.D. Ohio June 29, 2018); *Peterson v. Burris*, No. 14-CV-13000, 2016 WL 67528, at *2 (E.D. Mich. Jan. 6, 2016) ("Numerous Courts that have addressed this issue have determined that the PREA provides no private right of action to individual prisoners."). Therefore, plaintiff's claims that defendants violated PREA are subject to dismissal.

Plaintiff has also failed to state a First Amendment access-to-courts claim through his allegations that he was denied a notary public. "The United States Supreme Court has established that, in order to have standing to bring a claim for denial of access to the courts, the inmate must establish that he suffered an actual injury as a result of the alleged denial." *Winburn v. Howe*, 43 F. App'x 731, 733 (6th Cir. 2002) (citing *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996)). "Actual injury" is not shown "without a showing that such a claim has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Root v. Towers*, No. 00-1527, 2000 WL 1888734, at *1 (6th Cir. Dec. 21, 2000). "In other words, an inmate who claims that his access to courts was denied fails to state a claim 'without any showing of prejudice to his litigation.'" *Wilburn*, 43 F. App'x at 733 (quoting *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)). Plaintiff fails to allege facts showing he has been unable to file court pleadings, missed court deadlines, or had a case dismissed in any nonfrivolous legal proceeding

7

based on the alleged conduct. Without such allegations, plaintiff's complaint fails to state a claim for relief for a denial of access to the courts.[2]

Nor has plaintiff stated a claim upon which relief may be granted to the extent he alleges violations of prison policies. *See Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *2 (6th Cir. Mar. 31, 2017) ("claims related to violations of prison policies do not state a constitutional violation").

Moreover, plaintiff's allegations that defendants mishandled his grievances are subject to dismissal because plaintiff has no right under the Constitution to an effective prison grievance procedure. *See, e.g., Hill v. Warden, Southern Ohio Corr. Facility*, No. 1:12-CV-63, 2012 WL 1639991, at *2 (S.D. Ohio Mar. 13, 2012) (Litkovitz, M.J.) (Report & Recommendation) (recommending dismissal of portion of complaint complaining about "the failure of prison staff to provide [plaintiff] with inmate grievance forms and other deficiencies in the inmate grievance procedure" because "plaintiff has no federal constitutional right to an effective prison grievance procedure"), *adopted*, 2012 WL 1623565 (S.D. Ohio May 9, 2012) (Weber, J.); *Dearing v. Mahalma*, No. 1:11-CV-204, 2011 WL 3739029, at *7 (S.D. Ohio Aug. 24, 2011) (Barrett, J.) (holding that the plaintiff's allegations referring to "his dissatisfaction with the ... investigation of [an] allegedly mishandled letter" through the prison grievance process did not state an actionable claim under 42 U.S.C. § 1983); *Williams v. Harris*, No. 1:11-CV-362, 2011 WL 3667438, at *3 (S.D. Ohio June 15, 2011) (Litkovitz, M.J.) (Report & Recommendation) (recommending dismissal of complaint against prison official responsible for responding to institutional

---

[2]The Court also understands plaintiff to allege that ODRC and prison staff denied his request for copies of his grievances in violation of his right to access the courts. (*See* Doc. 1 at PageID 63). Plaintiff, however, fails to connect any of the defendants to these allegations. In any event, in the absence of any alleged injury to a court proceeding, such a claim is subject to dismissal. *See Winburn*, 43 F. App'x at 733.

8

grievances because the plaintiff had "no constitutional right to an effective grievance procedure"), *adopted*, 2011 WL 3667389 (S.D. Ohio Aug. 22, 2011) (Dlott, J.); *see also Overholt v. Unibase Data Entry, Inc.*, No. 98-3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000).

Similarly, the placement of an inmate on grievance restriction is not standing alone sufficient to state a constitutional claim. "Courts in this circuit have consistently upheld procedures which modify or restrict the ability of prisoners (who have been deemed abusive grievance filers) to file unfettered grievances." *Odom v. Helton*, No. CIV.A. 12-80, 2013 WL 4012889, at *7 (E.D. Ky. Aug. 6, 2013) (citing *Hartsfield v. Mayer*, No. 95-1411, 76 F.3d 378 (table), 1996 WL 43541, at *2 (6th Cir. Feb. 1, 1996) (unpublished order)). Furthermore, "[t]he Sixth Circuit repeatedly has held that placement on modified access does not constitute an adverse action for purposes of a retaliation claim." *Weatherspoon v. Williams*, No. 2:14-CV-108, 2015 WL 2106401, at *5 (W.D. Mich. May 6, 2015) (citing *Jackson v. Madery*, 158 F. App'x 656, 660 (6th Cir. 2005), *overruled on other grounds by Maben v. Thalen*, 887 F.3d 252, 262 (6th Cir. 2018)); *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 446 (6th Cir. 2005); *Kennedy v. Tallio*, 20 F. App'x. 469, 471 (6th Cir. 2001); *Corsetti v. McGinnis*, 24 F. App'x. 238, 241 (6th Cir. 2001). The right to file institutional grievances without being subject to retaliation extends only to the filing of non-frivolous grievances and "an ordinary person of reasonable firmness would not be deterred from filing non-frivolous grievances merely because he or she had been placed on modified status." *Walker*, 128 F. App'x. at 445-46. *See also Moore v. Sergent*, 22 F. App'x 472, *474 (6th Cir. 2001) (upholding a pre-screening process for

grievances, noting that "[a]s [the plaintiff] has not been prevented from continuing to file grievances, he has not been subjected to retaliation").

Additionally, to the extent that plaintiff is asserting that, because of the modified access to the grievance process, he is unable to exhaust his administrative remedies and thus is unable to file a claim in federal court (*see* Doc. 7 at PageID 62), the claim is also without merit. When a plaintiff has no other remedies available to him to exhaust his grievance, a district court would then be able to hear a related federal claim, since all possible administrative remedies would have been attempted. *See, e.g., Hartsfield v. Mayer,* No. 95–1411, 1996 WL 43541, at *3 (6th Cir. Feb.1, 1996) (holding that the MDOC's modified grievance status does not in any way impinge upon a plaintiff's First Amendment right to access to courts); *see also,* 42 U.S.C. § 1997e(a) (requiring only exhaustion of available administrative remedies). A corrections officer therefore cannot prevent an inmate from proceeding to court by refusing to accept a grievance or an appeal.

Nor can plaintiff state a claim based on an allegedly improper investigation of or failure to prosecute his alleged sexual assaults. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986); *White v. City of Toledo*, 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002) (finding there is no "constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime.") (quoting *Doe v. Mayor and City Council of Pocomoke City,* 745 F. Supp. 1137, 1138 (D. Md. 1990)). Plaintiff's claim that any defendant failed to properly investigate his allegations or prosecute his alleged sexual assaults should therefore be dismissed for failure to state a claim upon which relief may be granted.

10

Finally, plaintiff's allegations that he is being housed in isolation instead of being transferred to another institution fail to state a claim upon which relief may be granted. A prisoner does not have a constitutional right to choose where he is housed. *See, e.g., Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (2005); *Johnson v. Mohr*, No. 2:15-CV-86, 2015 WL 1526804, at *2 (S.D. Ohio Apr. 3, 2015) (Graham, J.); *Lawson v. Haddon*, No. 1:09-CV-551, 2009 WL 2242692, at *4 (W.D. Mich. July 16, 2009) (and cases cited therein); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002) (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976) ) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Jimenez v. United States*, No. 2:07-CV-819, 2007 WL 3232469, at *1, *3 (S.D. Ohio Nov. 1, 2007) (and cases cited and quoted therein) (inmates do not "have any constitutionally protected interest in a particular housing assignment or transfer to a particular prison"). And, plaintiff's conclusory allegation that he is being denied the same opportunities as other inmates because of his placement in isolation (*see* Doc. 1 at PageID 4) is too conclusory and lacking in supporting factual allegations to state a claim. *See Iqbal*, 556 U.S. at 678.

Accordingly, in sum, at this stage in the proceedings, without the benefit of briefing by the parties to this action and out of an abundance of caution, the undersigned concludes that plaintiff should be allowed to proceed at this juncture with his Eighth Amendment deliberate-indifference/failure-to-protect claims against defendants. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). Having found that the remaining allegations in the complaint fail to state a claim upon which relief may be granted, plaintiff's remaining claims should be dismissed.

However, it does not appear that plaintiff has provided a summons or United States Marshal form so that service may be issued on defendants. Plaintiff is therefore **ORDERED** to

submit a completed summons and United States Marshal form for defendants ODRC Director Annette Chambers-Smith, LeCI Warden Harris, LeCI PREA Coordinator Mr. Hudson, LeCI Institutional Inspector Devin Hoover, and ODRC Chief Inspector Chris Lambert **within thirty (30) days** of the date of this Order. Plaintiff is advised that failure to comply with this Order may result in the dismissal of this action for want of prosecution.

## IT IS THEREFORE RECOMMENDED THAT:

The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's Eighth Amendment deliberate-indifference/failure-to-protect claims against defendants.

## IT IS THEREFORE ORDERED THAT:

1. Within **thirty (30) days** of receipt of this Order, plaintiff is **ORDERED** to submit a completed summons and United States Marshal form for defendants ODRC Director Annette Chambers-Smith, LeCI Warden Harris, LeCI PREA Coordinator Mr. Hudson, LeCI Institutional Inspector Devin Hoover, and ODRC Chief Inspector Chris Lambert.

2. The **Clerk of Court** is **DIRECTED** to send to plaintiff a summons form and a United States Marshal form for this purpose. Upon receipt of the completed summonses and United States Marshal forms, the Court shall order service of process by the United States Marshal in this case.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

SAMUEL HOFFMEYER,
    Plaintiff,

vs

DIRECTOR ANNETTE
CHAMBERS-SMITH, et al.,
    Defendants.

Case No. 1:20-cv-637

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

13