# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

SAMUEL HOFFMEYER,

    Plaintiff,

vs.

DIRECTOR ANNETTE CHAMBERS-SMITH, et al.,

    Defendants.

Civil Action No. 1:20-cv-637
Dlott, J.
Bowman, M.J

## REPORT AND RECOMMENDATION

On August 18, 2020, the Plaintiff, proceeding pro se, initiated this action, alleging violations of his civil rights by prison officials while incarcerated at Lebanon Correctional Institution. On April 20, 2021, Defendants Chambers-Smith, Harris and Hudson filed a motion for judgment on the pleadings (Doc. 33). This motion, if granted, would be dispositive of all of Plaintiff's remaining claims against these Defendants. Plaintiff did not file a response to the motion.

Thereafter, on May 24, 2021 the Court Ordered Plaintiff to Show Cause, in writing on or before June 17, 2021 why Defendants Chambers-Smith, Harris and Hudson's motion for judgment on the pleadings (Doc. 33) should not be construed as unopposed and granted for the reasons stated. (Doc. 35). The Order further noted that Plaintiff may also satisfy the requirements of this Order by filing a responsive memorandum to Defendants' motion by the June 17, 2021 deadline. Last, the Court instructed Plaintiff that his failure to timely comply with this Order will result in a Report and Recommendation to the District Judge that the pending motion be granted. Id. Plaintiff did not timely respond to the Court's "Show Cause" Order, and the record reflects that

the Order was returned to this Court as Undeliverable ("released/paroled 5/9/21"). (Doc. 36).

Plaintiff's failure to keep the Court apprised of his current address alone warrants the dismissal of this action for failure to prosecute. Notably, Plaintiff was expressly warned at the outset of this litigation that he was required to keep the Court apprised of any changes in address. (Doc. 12).

It is well established that it is incumbent upon any litigant, including a pro se prisoner litigant, to keep the Court apprised of his or her current address. While some latitude may be extended to pro se litigants "when dealing with sophisticated legal issues ... there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss any case for "failure of the plaintiff to prosecute or to comply with the rules or order of the court...." Unless the court orders otherwise, a dismissal for failure to prosecute pursuant to Rule 41(b) is an adjudication on the merits that is to be given preclusive effect, barring subsequent actions based on the same allegations. *See Bragg v. Flint Bd. of Educ.*, 570 F.3d 775 (6th Cir. 2009).

Without such basic information as a current address from a would-be plaintiff, a court has no recourse but to dismiss a complaint for failure to prosecute. See, e.g., *Whittaker v. Hilltop Records*, 2009 WL 2734052 (S.D. Ohio Aug. 27, 2009) (dismissal of pro se plaintiff*); Buck v. U.S. Dept. of Agriculture, Farmers Home Admin.*, 960 F.2d 603, 608–609 (6th Cir. 1992) (dismissal upheld in part due to counsel's failure to advise court of change of address).

Additionally, the undersigned has reviewed the Defendants' well-reasoned and persuasive memorandum of law in support of its pending motion for judgment on the pleadings. (Doc. 33). The undersigned agrees with Defendants that the sparse allegations alleged fail to state any cognizable claim for relief under section 1983.

Based on the foregoing, **IT IS RECOMMENDED THAT** Defendants' motion for judgment on the pleadings (Doc. 33) be **GRANTED,** Plaintiff's remaining pending motions (Docs. 15, 29, 32) be **DENIED as MOOT**; or alternatively, that judgment be entered in Defendants' favor with prejudice based upon Plaintiff's failure to prosecute, and that this case be **CLOSED**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SAMUEL HOFFMEYER,

    Plaintiff,

vs.

DIRECTOR ANNETTE CHAMBERS-SMITH,
et al.,

    Defendants.

Civil Action No. 1:20-cv-637
Dlott, J.
Bowman, M.J

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).